No. 22-2820

_____

IN THE UNITED STATES COURT OF APPEALS

FOR THE SEVENTH CIRCUIT

_____

HAROLD JOHNSON,

*Plaintiff-Appellant,*

v.

STATEWIDE INVESTIGATIVE SERVICES, INC.,

*Defendant-Appellee.*

_____

On Appeal from the United States District Court
for the Northern District of Illinois
Case No. 1:29-cv-01514
Hon. Sharon Johnson Coleman

_____

**BRIEF OF THE DEFENDANT-APPELLEE, STATEWIDE
INVESTIGATIVE SERVICES, INC.**

_____

Megan M. Mathias (#6280497)
Antonio P. Rodriguez (#6276779)
LOPP MATHIAS LAW
4245 N. Knox Avenue
Chicago, Illinois 60641
312.761.4302
megan@loppmathiaslaw.com
antonio@loppmathiaslaw.com

Attorneys for Defendant-Appellee
STATEWIDE INVESTIGATIVE SERVICES, INC.

**APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT**

Appellate Court No: 22-2820

Short Caption: Harold Johnson v. Statewide Investigative Services, Incorporated

 To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party, amicus curiae, intervenor or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

 The Court prefers that the disclosure statements be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information.  The text of the statement must also be included in the front of the table of contents of the party's main brief.  **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

  ☐ **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1) The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate  disclosure information required by Fed. R. App. P. 26.1 by completing item #3):

Statewide Investigative Services, Inc.

(2) The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:

Lopp Mathias Law

Megan Mathias, Robert Menigoz, Antonio Rodriguez, Chloe White

(3) If the party, amicus or intervenor is a corporation:

  i) Identify all its parent corporations, if any; and

   N/A

  ii) list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:

   N/A

(4) Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:

N/A

(5) Provide Debtor information required by FRAP 26.1 (c) 1 & 2:

N/A

Attorney's Signature: /s/ Megan Mathias Date: 01-06-2023

Attorney's Printed Name:  Megan Mathias

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d). Yes ☑ No ☐

Address:  4245 N Knox Avenue, Chicago, IL 60641

Phone Number: 312-761-4305 Fax Number:

E-Mail Address: megan@loppmathiaslaw.com

 rev. 12/19 AK

**APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT**

Appellate Court No: <u>22-2820</u>

Short Caption: <u>Johnson v. Statewide Investigative Service, Inc.</u>

    To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party, amicus curiae, intervenor or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

    The Court prefers that the disclosure statements be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in the front of the table of contents of the party's main brief. **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

☐     **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1)    The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P. 26.1 by completing item #3):

    Statewide Investigative Service, Inc, Defendant-Appellee

(2)    The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:

    Lopp Mathias Law, PLLC.

(3)    If the party, amicus or intervenor is a corporation:

    i)    Identify all its parent corporations, if any; and

        N/A

    ii)    list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:

        N/A

(4)    Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:

    N/A

(5)    Provide Debtor information required by FRAP 26.1 (c) 1 & 2:

    N/A

Attorney's Signature: <u>s/Antonio Rodriguez</u>    Date: _____

Attorney's Printed Name: <u>Antonio Rodriguez</u>

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).    **Yes** ☐  **No** ☑

Address: <u>4245 N Knox Ave</u>

    <u>Chicago, IL 60641</u>

Phone Number: <u>312.761.4302</u>    Fax Number: _____

E-Mail Address: <u>antonio@loppmathiaslaw.com</u>

rev. 12/19 AK

# TABLE OF CONTENTS

Page

DISCLOSURE STATEMENT ...................................................................i

TABLE OF CONTENTS ...................................................................... iii

TABLE OF AUTHORITIES ................................................................. v

APPELLEE'S BRIEF ........................................................................... 1

   JURISDICTIONAL STATEMENT ................................................. 1

   STATEMENT OF ISSUES ............................................................... 1

   STATEMENT OF THE CASE .......................................................... 2

     I.  Background Overview................................................................ 2

     II.  Statement of Facts ................................................................. 3

   SUMMARY OF THE ARGUMENT ................................................. 5

   ARGUMENT ................................................................................... 7

     I.  STANDARD OF REVIEW ......................................................... 7

     II.  THE DISTRICT COURT'S GRANTING OF SUMMARY JUDGMENT WAS PROPER BECAUSE THE TOTALITY OF THE EVIDENCE DOES NOT RAISE A GENUINE ISSUE OF MATERIAL FACT AND STATEWIDE IS ENTITLED TO JUDGEMENT AS A MATTER OF LAW ............................................................... 8

     A.  Any Averments That Contradict Johnson's Deposition Testimony Should Be Disregarded Under The "Sham-Affidavit" Rule................................................................... 8

     B.  Appellant-Johnson Has Failed To Meet All Of The Requisite Elements To Establish A *Prima Facie* Case Of Age Discrimination Under *McDonnell Douglas* and Fails to Meet His Burden To Present Definite and Competent Evidence .............................................................. 12

     C.  Appellant-Johnson Has Also Failed To Prove Pretext And Therefore Does Not Meet His Burden Showing That But-For His Age The Adverse Employment Action Would Not Have Occurred ........................................... 15

III.   CONCLUSION ................................................................ 18

CERTIFICATE OF COMPLIANCE ....................................... 20

CERTIFICATE OF SERVICE ............................................... 21

# TABLE OF AUTHORITIES

Page

**Cases:**

*Bagwe v. Sedgwick Claims Mgt. Servs.*
811 F.3d 866 (7th Cir. 2016) ........................................................ 7, 17

*Barnes v. Bd. of Trs. of Univ. of Ill.*
946 F.3d 384 (7th Cir. 2020) ........................................................ 16

*Butts v. Aurora Health Care, Inc.*
387 F.3d 921 (7th Cir. 2004) ........................................................ 7

*Celotex Corp. v. Catrett*
477 U.S. 317 (1986) ........................................................ 7

*Fleishman v. Cont'l Cas. Co.*
698 F.3d 598 (7th Cir. 2012) ........................................................ 17

*Gross v. FBL Fin. Servs.*
557 U.S. 167 (2009) ........................................................ 8, 15

*Hedberg v. Indiana Bell Tel. Co.*
47 F.3d 928 (7th Cir. 1995) ........................................................ 7

*Ilhardt v. Sara Lee Corp.*
118 F.3d 1151 (7th Cir. 1997) ........................................................ 15

*James v. Hale*
959 F.3d 307 (7th Cir. 2020) ........................................................ 9

*Logan v. City of Chicago*
4 F.4th 529 (7th Cir. 2021) ........................................................ 16

*Markel v. Bd. of Regents of Univ. of Wis. Sys.*
276 F.3d 906 (2001) ........................................................ 17

*McDonnell Douglas Corp. v. Green*
411 U.S. 792 (1973) ........................................................ 12, 13, 15

*Modrowski v. Pigatto*
712 F.3d 1166 (7th Cir. 2013) ........................................................ 7

*Moultrie v. Penn Aluminum Int'l, LLC*
766 F.3d 747 (7th Cir. 2014) ........................................................ 13

*Ortiz v. Werner Enters., Inc.*
  834 F.3d 760 (7th Cir. 2016) ........................................................ 8

*Skyrise Constr. Grp., LLC v. Annex Constr., LLC*
  956 F.3d 950 (7th Cir. 2020) ........................................................ 7

**Statutes:**

29 U.S.C. § 621 ........................................................................................ 1

29 U.S.C. § 623 .............................................................................. 5, 8

29 U.S.C. § 631 ........................................................................................ 8

**Court Rules:**

Fed. R. Civ. P. 26 ............................................................................ 11

Fed. R. Civ. P. 56 .............................................................................. 7

## APPELLEE'S BRIEF

---

## JURISDICTIONAL STATEMENT

Harold Johnson ("Johnson") filed suit against Statewide Investigative Services, Inc. ("Statewide"), pursuant to the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq*. In March of 2019, Plaintiff filed a "Charge of Discrimination" with the Illinois Department of Human Rights ("IDHR") and the Equal Employment Opportunity Commission ("EEOC") alleging both race and age discrimination. On December 10, 2019, the EEOC issued Johnson a "Notice of Right to Sue" only as to the charge of age discrimination. On March 02, 2020, Plaintiff filed a two-count "Complaint at Law" in this matter alleging Statewide had willfully terminated his employment in violation of the ADEA.

## STATEMENT OF ISSUES

(1) Did the district court properly grant summary judgment in favor of Statewide when the totality of the evidence presented did not establish a *genuine* dispute as to any *material* fact as Johnson failed to establish that but-for his age, the adverse employment action would not have occurred?

## STATEMENT OF THE CASE

### I.  Background Overview

Harold Johnson, unequivocally, is not the victim of age discrimination. Johnson was employed by Statewide as a security supervisor for over 7 years. Statewide made a business decision to eliminate the supervisory position that Johnson held, ending his employment with Statewide. The decision to eliminate the position Johnson occupied within Statewide had nothing to do with his age. Furthermore, Statewide was under no duty to employ Mr. Johnson in perpetuity. There is no genuine dispute that the supervisory position at issue was never reinstated. Finally, there is no genuine dispute that Mr. Johnson was 77 years old when his supervisory position was eliminated. That fact, however, does not establish the existence of discriminatory animus in this case.

On December 28, 2021, Statewide filed its Motion for Summary Judgment and Memorandum of Law. (R.84);[1] On March 12, 2022, Johnson filed his Memorandum of Law in Opposition to Defendants Motion for Summary Judgment (R.87); March 25, 2022, Statewide filed its Reply to Plaintiff's Opposition to Defendant's Motion for Summary Judgment. (R.90). On September 19, 2022, the district court granted

---

[1]  References to "R._:_" refer to the docket number and page number of items filed as part of the district court record; references to "Br._" refer to Johnson's opening brief in this appeal.

summary judgment in Statewide's favor. (R.93). In its ruling, the district court reasoned that Johnson failed to provide evidence that similarly situated employees who were not members of his protected class were treated more favorably and therefore, Johnson had failed to establish a *prima facie* case of discrimination under the *McDonnell Douglas* burden-shifting paradigm. (R.92:1028–1031). Moreover, the district court noted, even if Johnson had met his burden of proof by establishing each prong under *McDonnell Dougla*s, he could not survive summary judgment because he posited no evidence that Statewide's proffered reason for the adverse employment action was a pretext meant to hide age-related discriminatory animus. (R.92:1031–1033). Johnson subsequently filed his Notice of Appeal on October 12, 2022. (R.100).

## II.  Statement of Facts

Statewide is a small business that provides private security services for commercial and residential purposes. (R.85–1:576). Johnson, a retired Chicago Police officer, was hired by Statewide as a supervisor in July of 2011. (R.85–1:577). During his tenure with Statewide, Johnson worked full time at Statewide's Campbell Client Location located at 5500 N. Campbell in Chicago, Illinois ("Campbell Location").

(R.85–1:577–578). Johnson was employed as a supervisor until February 04, 2019, at which time his position was eliminated and his employment with Statewide was terminated. (R.85–1:577).

Mike Barone, Statewide's Director of Operations, made the decision to eliminate the supervisory position that Johnson held. (R.88–3:738,795–796). Like Johnson, Mr. Barone was a retired police officer and was 64 years old on the day the adverse employment action took place. (R.88–3:783–784.). At his deposition, Mr. Barone testified that Johnson was discharged "because we no longer needed the position of supervisor." (R.88–3:767). In fact, Mr. Barone reiterated multiple times during his testimony that the position was eliminated because he determined it was no longer necessary. (R.88–3:795, 900). When asked by opposing counsel why Johnson could not continue working for Statewide as a non-supervisory guard, Mr. Barone explained "it would be difficult for someone who was a boss to go back to being a worker at the location. (R.88–3:768–769). "[I]t's my feeling and its general knowledge that if you work in the police department, if you're a sergeant, you would never go back to being a patrolman because then the patrolman wouldn't want to work with you because you were a boss." (R.88–3:788–789).

No other supervisor was hired for the Campbell Location since Johnson's position was eliminated and his employment terminated. (R.85–1:578). Moreover, no other employee has worked full time at the

Campbell Location since the elimination of the supervisory position at issue in this matter. (R.85–1:579). Finally, Mr. Barone denied that Johnson was terminated because of his age. (R.85–1:579).

## SUMMARY OF THE ARGUMENT

The district court's grant of summary judgment was proper in this matter. As a preliminary matter, it should be noted that certain averments in Johnson's March 2022 declaration contradict both his deposition testimony and his answers to interrogatories. The new averments include that on the date the position was eliminated, someone made a reference to 'old man'. This new fact was never alleged or disclosed throughout discovery in this case. We therefore ask this Court to disregard all such contradictions found in the record.

The ADEA protects workers from age-related employment discrimination. 29 U.S.C. § 623(a)(1). To prevail under the ADEA, a claimant must establish that their age was the but-for cause of their employer's adverse employment action. To carry this burden, a plaintiff may proceed under the burden-shifting paradigm set out in *McDonnell Douglas*. To survive summary judgment, Johnson must present evidence establishing a genuine issue of material fact showing: (1) he is a member of the protected class as defined under the ADEA, (2) he was performing well enough to meet his employer's reasonable expectations, (3) he suffered an adverse employment action when his employment

was terminated, and (4) similarly situated employees who were not members of his protected class were treated more favorably. In this case, Johnson has failed to show that similarly situated employees belonging to his protected class were treated more favorably, thus proving fatal to his claim, and warranting a finding of summary judgment in Statewide's favor.

Furthermore, Johnson has failed to establish pretext in this matter and thus fails to present evidence raising a triable issue of material fact. Johnson points to certain alleged age-animus comments to buttress his assertion that Statewide's proffered reason for its adverse employment action was a pretext for age discrimination. However, these claims also fail as a matter of law as the alleged comments were not made in reference to the adverse employment action, were not contemporaneous, and, if made, were made in a social setting. Furthermore, Johnson fails to present evidence to establish a genuine issue of material fact because his allegations changed after the close of discovery and the district court identified Johnson's "new" claims as contradictory and thus disregarded those averments under the sham-affidavit rule. Consequently, Johnson has failed to meet his burden to survive summary judgment. Therefore, Statewide respectfully requests that this Court affirm the district court's grant of summary judgment in this matter.

# ARGUMENT

## I.  STANDARD OF REVIEW

A District Court's grant of summary judgment is reviewed *de novo* on appeal. *Bagwe v. Sedgwick Claims Mgt. Servs.*, 811 F.3d 866, 879 (7th Cir. 2016). Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Moreover, the non-moving party "must go beyond the pleadings (e.g., produce affidavits, depositions, answers to interrogatories, or admissions on file) to demonstrate that there is evidence upon which a jury could properly proceed to find a verdict in [non-movant's] favor." *Modrowski v. Pigatto*, 712 F.3d 1166, 1168–69 (7th Cir. 2013) (internal quotation marks omitted). "The mere existence of an alleged factual dispute will not defeat a summary judgment motion; instead the nonmovant must present definite, competent evidence in rebuttal." *Butts v. Aurora Health Care, Inc.*, 387 F.3d 921, 924 (7th Cir. 2004). Where the facts establish that no reasonable jury could find for the opposing party, summary judgment must be granted. *Hedberg v. Indiana Bell Tel. Co.*, 47 F.3d 928, 931 (7th Cir. 1995). Furthermore, this Court may affirm a grant of summary judgment on any basis that is apparent from the record. *Skyrise Constr. Grp., LLC v. Annex Constr., LLC*, 956 F.3d 950, 956 (7th Cir. 2020).

## II.  THE DISTRICT COURT'S GRANTING OF SUMMARY JUDGMENT WAS PROPER BECAUSE THE TOTALITY OF THE EVIDENCE DOES NOT RAISE A GENUINE ISSUE OF MATERIAL FACT AND STATEWIDE IS ENTITLED TO JUDGEMENT AS A MATTER OF LAW

The ADEA prohibits an employer from engaging in age-based discrimination. 29 U.S.C. § 623(a)(1). Only individuals who are at least 40 years old are protected by the ADEA. 29 U.S.C. § 631(a). To prevail on a claim of age discrimination, a plaintiff must show evidence that age was the "but-for" cause of an adverse employment action. *Gross v. FBL Fin. Servs.*, 557 U.S. 167, 176 (2009). Stated another way, the inquiry becomes whether Johnson would have kept his job if his age had been less than 40 years, and everything else had remained the same. See *Ortiz v. Werner Enters., Inc.*, 834 F.3d 760, 764 (7th Cir. 2016). In this case, Johnson has failed to establish evidence that entitles him to survive summary judgment and therefore, Statewide respectfully requests this Court affirm the district court's grant of summary judgment.

### A.  Any Averments That Contradict Johnson's Deposition Testimony Should Be Disregarded Under The "Sham-Affidavit" Rule

Throughout discovery, Johnson alleged that certain statements were made by Mr. Barone. (R.85–2:622–623; R.90–1:955–956). Johnson's allegations were made in his answers to interrogatories and in his

8

deposition. (R.85–2:622–623; R.90–1:955–956). Discovery closed on December 31, 2020. To avoid an adverse ruling of summary judgment, Johnson changed his allegations more than a year after the close of discovery. Now, for the first time, and in contradiction to his previous sworn testimony, Johnson's declaration alleges that Mr. Barone made ageist comments from *2017 through February 4, 2019.* February 4, 2019 is the date the position was eliminated. In Johnson's deposition testimony, he describes the call he received notifying him that his position was eliminated. (R:88-1:743; 749-750). Johnson never described that Mr. Barone said "old man" during that call. Johnson claims his wife was present for that call but Johnson offers no declaration from his wife that Johnson was called "old man" on the date his position was eliminated. (R88-1: 749). Therefore, Statewide submits that the district court properly disregarded Johnson's contradictory averments pursuant to the sham-affidavit rule.

The sham-affidavit rule prohibits a party from submitting a declaration that contradicts that party's prior deposition or other sworn testimony. *James v. Hale*, 959 F.3d 307, 316 (7th Cir. 2020). The purpose of the rule is to preclude a party's attempt to create or conjure a genuine issue of material fact out of nothing. *Id.* It is clear that certain averments in Johnson's declaration were meant to manipulate the evidentiary record in hopes of avoiding an adverse summary judgment ruling.

On March 12, 2022, Johnson filed a "Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment;" attached to the response was the Declaration of Harold Johnson ("Declaration"). The Declaration filed with Johnson's response cites entirely new facts not disclosed in discovery. Fact discovery, except a certain number of depositions, was closed December 30, 2020. *See Docket 58*. The District Court closed all of discovery on June 14, 2021. *See Minute Entry dated June 14, 2021, Docket 72*. At no time did Johnson amend or supplement his interrogatory responses to include the additional facts upon which Johnson now relies.

In Johnson's Answer to Interrogatory No. 7, he averred, "Plaintiff states that during a lunch with Mike Barone, Barone asked Plaintiff how old he was and how much longer Plaintiff intended to work. Plaintiff responded that he would work for a couple more years. Further, from time to time, Mike Barone would refer to Plaintiff as "Old Man." (R.90–1:954). Johnson concludes his Answer to Interrogatory No. 7 by providing that he will supplement his answer if additional information becomes available. (R.90–1:954).

At his December 4, 2020 deposition, Johnson testified that age-related comments were made on **two specific** occasions while having lunch at a restaurant with Mike Barone. (R.85–2:622–623). The first instance purportedly occurred in April 2017 when Johnson recounts that Mr. Barone "asked how old I was" and continued by asking

Johnson "how long are you going to keep doing this job."
(R.85–2:622–623). The second instance purportedly occurred in
September of 2017, when Johnson testified Mr. Barone said, "you're
getting up in age, how much longer are you going to put up with this
shit. And on, on several occasions he referred to me as old man."
(R.85–2:623).

In his Declaration, filed more than one year after discovery closed,
Johnson avers for the first time that Mike Barone called him "old man"
several times *from 2017 through February 4, 2019*, directly
contradicting both his answer to interrogatory #7 and his deposition
testimony. (R.88–2:722; R.90–1:954; R.85–2:622–623). In his appellate
brief, Johnson claims that he was merely "provid[ing] a full accounting
of the facts" because his deposition was never "completed." (Br. 9).
However, Johnson had an obligation to provide supplemental responses
to written discovery requests before the close of discovery. Fed. R. Civ.
P. 26(a)(i)(a). Johnson chose not to supplement his answers to
interrogatories after his deposition, and before the close of discovery.
Furthermore, Statewide did not have a duty to reschedule Johnson's
deposition, as suggested by Johnson. Rather, the burden to disclose
pertinent facts is on Johnson. Yet, only after Statewide filed its
summary judgment motion, in which we argued that the alleged age-

animus comments lacked the requisite contemporaneous component, did Johnson attempt to alter the allegations by adding new "facts" to his declaration, 15 months after the close of discovery.

Accordingly, Statewide respectfully requests that this Court disregard all averments contained in Johnson's declaration that contradict either his deposition testimony or his answers to interrogatories.

**B.  Appellant-Johnson Has Failed To Meet All Of The Requisite Elements To Establish A *Prima Facie* Case Of Age Discrimination Under *McDonnell Douglas* and Fails to Meet His Burden To Present Definite and Competent Evidence**

Johnson's brief is contradictory in that it claims "the Parties disputed whether Plaintiff suffered an adverse employment action." In fact, in its summary judgment motion, Statewide conceded that, pursuant to the *McDonnell Douglas* burden-shifting paradigm, Johnson had established that he: 1) is a member of the protected class as defined under the ADEA, 2) was performing well enough to meet his employer's reasonable expectations, and 3) suffered an adverse employment action when his position was eliminated. See *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). However, Johnson has failed to

establish the fourth requisite element under *McDonnell Douglas*. See *id.* Namely, Plaintiff has not shown that similarly situated employees were treated more favorable. See *id.*

The evidence is uncontroverted that Statewide hired Johnson as a supervisor in 2011. (R.85–1:577). Johnson subsequently claimed that he was demoted to a non-supervisory guard in 2017. (R.90–1:956). However, despite his burden, Johnson has not provided evidence to support this self-serving claim.

More importantly, Johnson has failed to establish that guards hired after his termination were similarly situated to him. A similarly situated employee must be directly comparable to the plaintiff in all material respects. *Moultrie v. Penn Aluminum Int'l, LLC*, 766 F.3d 747, 753 (7th Cir. 2014). The purpose of this requirement "is to eliminate other possible explanatory variables, such as differing roles, performance histories, or decision-making personnel, which helps isolate the critical independent variable—discriminatory animus." *Id.* Thus, the only way for Johnson to meet his burden is to show that a similarly situated employee was treated more favorably. But in fact, it is undisputed that Johnson's supervisory position was eliminated, and no other supervisor or similarly situated employee replaced him at the Campbell Client Location. (R.85–1:577–579). Therefore, Johnson has failed to meet his burden of definite and competent evidence.

Contrary to Johnson's assertions, Statewide has affirmatively posited evidence that Johnson was in fact a supervisor at the Campbell Location. (R.85–1:577–579). Notwithstanding Johnson's dismissive characterization of the wage disparity, he earned $1 more per hour than everyone else at the Campbell Location. (R.85–1:578). Additionally, throughout his entire tenure at Statewide, Johnson continued to wear the white shirt that supervisors were required to wear. (R.85–1:578). Johnson also concedes that until 2020, his Facebook page identified him as the "Chief Security Officer" at the Campbell Location. (R.85–2:617–619). Ironically, Johnson attributes this "oversight" to age disparity. (R.87:641). But Johnson's claim that he did not have occasion to update his Facebook until around the time he filed suit in this matter strains credulity.

Johnson identifies four employees that were hired after his position was eliminated and his employment terminated, namely: 1) Joseph Arroyo age 41, 2) Samantha Lacina age 30, 3) Jacklyn Jiminez age 28, and 4) Luis Kuszynski age 57. (R.87:633–634). The crux of Johnson's argument focuses on the age of the four employees but fails to establish the four as similarly situated to him under 7th Circuit precedent. This failure is fatal to Johnson's case. The unrefuted evidence shows that Johnson was the only full-time employee assigned to the Campbell location. (R.85–1:578). The other guards worked between eight to sixteen hours weekly. (R.88–3:). And as a full-time employee, Johnson is

14

not similarly situated to the four part-time employees. *See Ilhardt v. Sara Lee Corp.*, 118 F.3d 1151, 1155 (7th Cir. 1997). Moreover, the differing ages of the four employees Johnson identifies only serve to underscore the fact that Statewide's employment practices were made irrespective of age; the employees do not belong to one age group but rather a broad spectrum.

In summary, Johnson has failed to establish all the requisite *prima facie* elements required under the *McDonnell Douglas* method of proof. Namely, Johnson has failed to provide evidence that similarly situated employees who were not members of his protected class were treated more favorably. Consequently, he has failed to raise a genuine issue of material fact and, therefore, we respectfully ask this Court to affirm summary judgment in this matter.

### C.   Appellant–Johnson Has Also Failed To Prove Pretext And Therefore Does Not Meet His Burden Showing That But-For His Age The Adverse Employment Action Would Not Have Occurred

Johnson "retains the burden of persuasion to establish that age was the but-for cause of the employer's adverse action." *Gross v. FBL Fin. Servs.*, 557 U.S. at 177–178. He must "demonstrate by competent evidence that the presumptively valid reasons for [the adverse employment action] were in fact a coverup for [an unlawful] discriminatory decision." *McDonnell Douglas Corp. v. Green*, 411 U.S. at

805. For Johnson to prove pretext, he must posit evidence showing that (1) Statewide's proffered reason for the employment decision was dishonest and (2) Statewide's true reason was based on discriminatory animus. *Logan v. City of Chicago*, 4 F.4th 529, 537 (7th Cir. 2021).

As Statewide has consistently maintained, the supervisory position at the Campbell location was eliminated because it was deemed unnecessary. (R.85–1:577–579)(R88–3:769–770). Mike Barone, Statewide's Director of Operations, who was 64 years old on the date of Johnson's adverse employment action, has testified and averred that not only was the supervisory position eliminated, no other supervisor or full-time employee was hired for the Campbell Location after Johnson's employment ended. (R.88–3)(R.85–1:577–579). And perhaps most importantly, Mr. Barone has unequivocally denied that Johnson was not terminated because of his age. (R.85–1:579). Therefore, Statewide has put forth a legitimate, nondiscriminatory reason for the adverse employment action. *See Barnes v. Bd. of Trs. of Univ. of Ill.*, 946 F.3d 384, 389 (7th Cir. 2020). Pretext is not faulty reasoning or poor judgment, but rather a lie or phony reasoning. *Id.*

Johnson purports age animus comments were made to him by Mike Barone. To the degree that Johnson's deposition conflicts with the declaration attached to his summary judgment response, as argued above, we ask those averments be disregarded. At his deposition, Johnson testified that the age animus comments were made on two

16

occasions while having lunch at a restaurant with Mike Barone. The first purportedly occurred in April 2017 when Johnson recounts that Mr. Barone "asked how old I was" and continued by asking Johnson "how long are you going to keep doing this job." (R.85–2:622–623). The second instance purportedly occurred in September of 2017, when Johnson testified Mr. Barone said, "you're getting up in age, how much longer are you going to put up with this shit." (R.85–2:623).

Even if this Court were to accept the alleged statements as fact, Johnson's case still fails because the alleged statements do not establish discriminatory animus as required by 7th Circuit precedent. For statements to raise an inference of discriminatory animus, they must be made around the same time and in reference to the adverse employment decision. *Bagwe v. Sedgwick Claims Mgt. Servs.*, 811 F.3d at 885.

Here, the alleged comments do not pertain to Johnson's adverse employment action and were not made contemporaneous with the adverse employment decision. "[I]solated comments are not probative of discrimination unless they are contemporaneous with the discharge or causally related to the discharge decision-making process." *Fleishman v. Cont'l Cas. Co.*, 698 F.3d 598, 605 (7th Cir. 2012). Indeed, the Seventh Circuit has held that statements made two months before termination are not probative of discrimination, let alone statements allegedly made 18 months prior. See *Markel v. Bd. of Regents of Univ. of*

*Wis. Sys.*, 276 F.3d 906, 910–11 (2001) (two months before termination is not contemporaneous). Simply stated, the alleged statements made in 2017 are far too temporally attenuated to point to a discriminatory reason for the elimination of Johnson's employment position in 2019. Furthermore, as the district court noted in its finding, Johnson failed to aver whether the "old man" statements were made in relation to his termination and do not constitute adequate evidence that Statewide terminated Johnson due to his age.

Johnson has failed to demonstrate any causal connection between his adverse employment action and his age and thus has failed to present a genuine issue of triable fact. Therefore, we respectfully request that this Court affirm summary judgment.

## III.  CONCLUSION

In summary, Harold Johnson has failed to establish any *genuine* issues of *material* fact in this matter, and therefore, he cannot survive summary judgment. He has failed to meet his burden to provide definite and competent evidence to raise a genuine issue of material fact. Johnson has neither met his *prima facie* burden of age-related discrimination under *McDonnell Douglas,* nor has he shown pretext or but-for causation. The record is replete with evidence that Johnson was a supervisor at the time his position was eliminated in February of 2019. Furthermore, as the only full-time employee at the Campbell

Client Location with a higher hourly wage, Johnson has failed to prove that employees hired after his discharge were comparators or "similarly situated" to him in all material respects. It is also undisputed that no supervisor, either part-time or full-time, was ever hired for the Campbell Client Location after Johnson's position was eliminated. Finally, Johnson has failed to show that Statewide's proffered reason for the adverse employment action was a pretext for age discrimination. Johnson's reference to alleged age animus comments fails as a matter of law because the comments were not contemporaneous and did not reference the adverse employment action. For all the reasons argued above, Statewide respectfully requests that this Court affirm the district court's finding of summary judgment.

Respectfully submitted,

Statewide Investigative Services, Inc.

Dated: May 26, 2023     By: /s/ Megan Mathias

Megan Mathias, Lopp Mathias Law

Attorney for Defendant-Appellee
STATEWIDE INVESTIGATIVE SERVICES, INC.

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for the Defendant-Appellee,
Statewide Investigative Services, Inc., furnishes the following in
compliance with Fed. R. App. P. 32(a)(7):

I hereby certify that this brief conforms to the rules contained in Fed.
R. App. P. 32(a)(7) for a brief produced with a proportionally spaced
font. The length of this brief is **3,916** words.

Dated: May 26, 2023                    By: /s/ Megan Mathias

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing

**APPELLEE'S BRIEF** with the Clerk of the Court by using the

Appellate CM/ECF system on May 26, 2023. I further certify that all

participants in the case are registered CM/ECF users and that service

will be accomplished by the appellate CM/ECF system.


Dated: May 26, 2023                    By: /s/ Megan Mathias