22 -2820

IN THE
UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | | |
|---|---|---|
| HAROLD JOHNSON, | ) ) ) | Appeal from the United States District Court for the Northern District of |
| Plaintiff-Appellant, | ) ) | Illinois, Eastern Division. |
| v. | ) ) | No. 1:20-cv-1514 |
| STATEWIDE INVESTIGATIVE SERVICES, INC., a/k/a STATEWIDE GUARD, | ) ) ) ) ) | Judge Sharon Johnson Coleman |
| Defendant-Appellee, | ) ) | |

**REPLY BRIEF
OF PLAINTIFF-APPELLANT
HAROLD JOHNSON**

BARRY A. GOMBERG
BARRY A. GOMBERG & ASSOCIATES, LTD.
53 W. Jackson Blvd., Suite 1350
Chicago, Illinois 60604
(312) 922-0550
*Attorneys for Plaintiff-Appellant*

# APPELLATE BRIEF

# TABLE OF CONTENTS

TABLE OF CONTENTS...................................................................................... i

TABLE OF AUTHORITIES............................................................................... ii

ARGUMENT........................................................................................................ 1

CONCLUSION....................................................................................................4

CIRCUIT RULE 25 CERTIFICATE............................................................,,,,,,,,,,,,,,,,,,,,,,,,,,,..6

CIRCUIT RULE 30(d) CERTIFICATE..............................................................6

CIRCUIT RULE 32 CERTIFICATE....................................................................6

CERTIFICATE OF SERVICE..............................................................................7

# TABLE OF AUTHORITIES

**Cases**

*Anderson* v. *Liberty Lobby*, 477 U.S. 242, 248 (1986)……………………………………….1

*Bay v. Cassens Transport Co*., 212 F.3d 969, 972 (7th Cir. 2000)………………………………1

*Insolia v. Philip Morris, Inc*., 216 F.3d 596, 599 (7th Cir. 2000)………………………………..1

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp*., 475 U.S. 54, 586 (1986)……………..1

*McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 805 (1973) ………………………………..1

**ARGUMENT**

The District Court erred in deciding that Mr. Johnson failed to present sufficient evidence that he was discriminated against on the basis of his age. A "genuine issue" of fact in the context of a Motion for Summary Judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 54, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson* v. *Liberty Lobby*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). In ruling on a Motion for Summary Judgment, the Court must consider the record as a whole, in a light most favorable to the non-moving party, and draw all reasonable inferences in favor of the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000).

Harold Johnson is the victim of age discrimination. In his Response to Summary Judgment, Mr. Johnson clearly made out a prima facie case of discrimination. Mr. Johnson demonstrated that: (1) he is a member of a protected class; (2) he was meeting the employer's legitimate expectations; (3) he suffered an adverse employment action; and (4) similarly situated employees who are not members of his protected class were treated more favorably. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 805 (1973)

Johnson established that he was over 40 (approximately 77 years old) when his employer summarily fired him. (APP 12, 16) Mr Johnson was meeting Defendant's legitimate expectations. Defendant claimed that it terminated Johnson because they eliminated Johnson's position as a "supervisor." But Johnson was not a supervisor at the time of his termination. In 2017, Defendant had demoted Johnson to a guard and took away his two weeks of vacation. Johnson was subsequently replaced by four younger employees within a couple weeks after his termination.

As argued in Appellant's Brief, Mr Johnson's supervisor, Mike Barone, Defendant's Director of Operations and Johnson's supervisor, made age animus statements to Johnson, demoted Johnson from his supervisory position, refused to permit Johnson to transfer to a part-time position in lieu of termination, and then replaced Johnson with several part-time employees who were younger than Plaintiff by as many as 35 years.

Mike Barone knew approximately how old Hal Johnson was when he terminated him. (APP 12). Barone admitted that work performance was not the reason for Johnson's termination. (APP 12). Hal Johnson was terminated on February 4, 2019. (APP 12). He was 77 years old at the time of his termination. (APP 12). Johnson asked Barone if he could remain working as a guard, even if he was transferred to a different location or went part-time, but Barone refused to permit Johnson to remain in Defendant's employ. (APP 12).

On February 18, 2019, approximately 14 days after Johnson was terminated, Joseph Arroyo submitted an employment application with Defendant and was hired to work as a security guard at the same location (Campbell Client Location) Johnson was working on his termination date. (APP 12). Mr. Arroyo was an active Chicago Police Officer. (APP 12). Mr. Arroyo was born in 1978 and was approximately 41 years old when he was hired. (APP 12). On February 19, 2019, approximately 14 days after Johnson was terminated, Samantha Lacina submitted an employment application with Defendant and was hired to work as a security guard at the same location (Campbell Client Location) Johnson was working on his termination date. (APP 12). Ms. Lacina was a current Chicago Police Officer. (APP 12, 13). Ms. Lacina was born in 1989 and was approximately 30 years old when she was hired. (APP 13). On March 7, 2019, approximately 4 weeks after Johnson was terminated, Jacklyn Jiminez submitted an employment application with Defendant and was hired to work as a security guard at the same location (Campbell Client

Location) Johnson was working on his termination date. (APP 13). Ms. Jiminez was a current Chicago Police Officer. (APP 13). Ms. Jiminez was born in 1991 and was approximately 28 years old when she was hired. (APP 13). On April 4, 2019, approximately 8 weeks after Johnson was terminated, Luis Kuszynski submitted an employment application with Defendant and was hired to work as a security guard at the same location (Campbell Client Location) Johnson was working on his termination date. (APP 13). Mr. Kuszynski was a retired Chicago Police Officer. (APP 13). Mr. Kuszynski was born in 1962 and was approximately 57 years old when he was hired. (APP 13). Each of said individuals were comparable to Mr. Johnson in all material aspects with one important exception – they were all significantly younger than Mr. Johnson.

Furthermore, as explained in his opening Brief, Mr. Johnson **did not** submit a "sham affidavit" in response to Defendant's Motion for Summary Judgment. Defendant stopped Plaintiff's deposition in the middle of the deposition. Because the Defendant did not reconvene Mr. Johnson's deposition, he was not able to provide all relevant, material facts regarding his case and his counsel could not ask questions of Mr. Johnson after Defendant completed its questioning during his deposition because Defendant's counsel stopped it before its conclusion. (See APP. 26 and 27 - Declaration ¶¶ 3, 4, 5, 6, 7, and 8)

Counsel has the right to ask questions of his or her client to clarify responses and/or to rehabilitate their client before the conclusion of the deposition. Because the deposition was cut short by Defendant and Mr. Johnson's counsel was not given the opportunity to question him after the questioning conducted by Defendant, Mr. Johnson provided a Declaration with his Response to the Motion for Summary Judgment regarding the facts that he could not testify about before his deposition was prematurely terminated.

The purpose of the rule against giving weight to a "sham affidavit" is to protect the legal process and prevent a Party from eliciting testimony from a witness that contradicts sworn statements made during the witnesses' deposition specifically to defeat a Motion for Summary Judgment. But again, Mr. Johnson's deposition was never completed. Defendant abruptly and precipitately terminated the proceedings and never reconvened the deposition despite several opportunities given to it by the Magistrate Judge. As a result, Mr. Johnson is unduly prejudiced if he is not permitted to provide a full accounting of the facts in his matter.

Finally, but for the age discrimination exhibited by Defendant, Mr. Johnson would still be employed by Defendant. He was performing his duties in a satisfactory manner. The age animus made by Defendants clearly pertained to Johnson's adverse employment action. They were made contemporaneous with his demotion from his supervisory position through the date of his termination. In his Declaration Mr. Johnson stated that Mike Barone called him "Old Man" several times from 2017 through February 4 2019, the date of his termination. Most telling, however, is the fact that Mr. Johnson was immediately replaced by significantly younger employees and he was terminated at the age of 77 when he was successfully performing his duties. Had Mr. Johnson been twenty years younger, he would like still be working for Defendant.

## **CONCLUSION**

Mr. Johnson presented a record replete with disputed issues of material fact in his Response to in Opposition to Summary Judgment, demonstrating that he was subjected to discrimination based upon his age. It is Plaintiff's belief that this Honorable Court's decision to grant Defendant's Motion for Summary Judgment was based upon mistake and/or a misunderstanding of the facts and/or the cited to

case law. A reasonable trier of fact could conclude, based upon the facts in this matter, that Plaintiff was terminated on the basis of his age.

For each of the foregoing reasons, Plaintiff respectfully requests that this Honorable Court reverse the Decision of the District Court and set the matter for Trial.

Respectfully submitted,

HAROLD JOHNSON

By: s/Barry A. Gomberg
Attorney for Plaintiff-Appellant

Barry A. Gomberg
Barry A. Gomberg & Associates, Ltd.
53 W. Jackson Blvd., Suite 1350
Chicago, IL 60604
(312) 922-0550 Tel.
(312) 022-0066 Fax.
gomberglaw@aol.com

## CIRCUIT RULE 25 CERTIFICATE

      Barry A. Gomberg, attorney for Appellant, pursuant to Seventh Circuit Rule 25, certifies that a digital version of this brief, in Portable Document Format (*.pdf), has been uploaded on June 20, 2023 to the Court's website at http://www.ca7.uscourts.gov and thus served on all counsel of record.

                                              s/ Barry A. Gomberg
                                              Barry A. Gomberg

## RULE 30(d) CERTIFICATE

      Barry A. Gomberg, attorney for Appellant, certifies that all of the materials required by parts (a) and (b) of this rule are included in the appendix.

                                                s/ Barry A. Gomberg
                                              Barry A. Gomberg

## RULE 32 CERTIFICATE

      Barry A. Gomberg, attorney for Appellant, certifies that this brief complies with Fed.R.App.P. 32 in that the Reply Brief totals 1,350 words.

                                                s/ Barry A. Gomberg
                                              Barry A. Gomberg

**CERTIFICATE OF SERVICE**

I, Barry A. Gomberg, counsel for the Plaintiff-Appellant, Brian Boc, hereby certifies that Appellant's Reply Brief was served upon counsel for the Defendant-Appellee, Statewide Investigative Services via electronic service on June 20, 2023 and by depositing two copies in the U.S. Mail, first-class postage prepaid, addressed as follow within 7 days of acceptance of the Appellant's Reply Brief:

Megan Lopp Mathias
Lopp Mathias Law
1030 West Chicago Avenue
Chicago, Illinois 60642

Dated: June 20, 2023

By: s/Barry A. Gomberg
Attorney for Plaintiff-Appellant

Barry A. Gomberg
Barry A. Gomberg & Associates, Ltd.
53 W. Jackson Blvd., Suite 1350 Chicago, IL 60604
(312) 922-0550 Tel.
(312) 022-0066 Fax.
gomberglaw@aol.com